FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 6, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

OSCAR AMOS STILLEY,

    Defendant - Appellant.

No. 22-5000
(D.C. Nos. 4:09-CR-00043-SPF-2 &
4:21-CV-00361-SPF-CDL)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY*****
_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.
_____

Oscar Stilley was convicted by a jury in the Northern District of Oklahoma of one count of conspiracy to defraud the United States and two counts of aiding and abetting tax evasion. He appealed his conviction and we affirmed in an order consolidating related cases. *See United States v. Springer*, 444 F. App'x 256 (10th Cir. 2011). His conviction became final on December 20, 2011, when the deadline to file a writ of certiorari had passed.

Almost ten years later, on September 1, 2021, Stilley filed a petition in the district court under 28 U.S.C. § 2255. His petition raised thirteen claims for relief. The district

---

* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court dismissed the § 2255 petition as untimely, rejecting his proposed excuses based on equitable tolling, actual innocence, and the inapplicability of § 2255's one-year limitations period. The district court also denied Stilley's request for a certificate of appealability ("COA"), a prerequisite to appealing the merits of a § 2255 petition. Stilley appealed the dismissal of his petition and now seeks a COA from our court.

A COA may be issued only if the appellant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, the appellant must establish "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted).

The district court noted that Stilley was nearly nine years too late in filing his § 2255 petition. The district court applied our circuit's case law and held that Stilley's § 2255 petition fell outside the one-year limitations period under § 2255(f), and that Stilley hadn't offered a persuasive reason to toll the limitations period.

At bottom, Stilley must have diligently pursued his federal habeas claim but didn't. His brief points to no errors in the district court's statute-of-limitations or tolling analyses. Even if we were to accept Stilley's representations about, for example, the government's conduct with respect to his previous direct appeal, Stilley's brief still fails to explain why he waited almost nine years after the limitations period expired to file his petition. Thus, having reviewed the record before us, we find that reasonable jurists

wouldn't disagree with the district court's thorough order. We therefore deny a COA and dismiss the appeal.[1]

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[1] On May 23, 2022, Stilley filed a document styled as a "Motion to Recall the Mandate in 10-5057." As we understand the filing, Stilley is requesting that we withdraw the mandate from his previously affirmed criminal conviction. We decline to consider this motion as it is unrelated to the COA issue in this case.